The judgment of the court (Rost, J. being absent,) was pronounced by
Preston, J.
When the jury were about to be sworn in this case the counsel of the accused applied to the court to be allowed to consult with and aid him in the exercise of his right of peremptory challenge. The court refused to allow it, and compelled him to exercise that right without the benefit and assistance of counsel.
The 107th article of the Constitution guarantees the right of persons accused of crimes of being heard by counsel. A similar provision in the Constitution,of the United States and of the several States has, .as far as we can learn, been liberally construed to mean the right of being aided by counsel in every step and stage of the prosecution.
The first Legislative Council that assembled in .the Territory of Louisiana enacted “that every person accused and indicted shall be admitted to make his full defence by counsel learned in the law; and the court before whom such person shall be tried, or some judge thereof, shall immediately upon his request assign to such person such counsel as such person may desire, to whom such counsel shall have free access at all seasonable hours.” This law has remained unaltered ever since, and the lapse of nearly half a century has sanctioned its wisdom.
It was a reproach to the Common Law of England that prisoners were not allowed the aid of counsel when accused of crimes. Their ignorance and timidity when prosecuted by the high officers of government, their want of self possession when life and liberty was put in jeoparty, rendered them incapable of defending themselves, and often the greatest injustice and oppression occurred. This lead to the guarantee of the right to counsel in our liberal constitutions, and the right should be liberally construed.
*332 The moment at which perhaps it is most seasonable and necessary that a Persotl accused of a crime should have aid and counsel, is that when he is about to be put upon his trial for the offence, and to select the jury for his trial.
A good counsellor in criminal cases studies the book of man as thoroughly as the statute book, and by that study qualifies himself to aid his client in the selection of the jury to try him as much as by the discharge of his other duties. His better knowledge of men, and better acquaintance with the character, feelings, pursuits, connexions and other relations of those whom chance places on the panel is an advantage of which his client should have the benefit in making his challenges, since no law prohibits it. We think, therefore, that the court erred in prohibiting the counsel of the prisoner from aiding him in making his peremptory challenges.
A member of the panel was called to the book to be sworn; he was not challenged by the State; was accepted by the accused; and when about to be sworn was peremptorily challenged bjr the attorney general. The counsel of the accused objected to the challenge, because the State is bound to exercise its right of challenge first, and cannot exercise the right of peremptory challenge after the accused has accepted the juror.
The right of the State .to challenge six jurymen wi,tho,ut showing any cause was first accorded by an act approved the 7th of March, 1837. The act does not fix the time of exercising this right, and this court has not heretofore been called upon to express an opinion as to the proper time of exercising the right. As it is a question of mere practice which has not yet been fully established its decision cannot affect this case. But, that uniformity may exist in the practice, we will express our opinion that the rule adopted by statute in the State of Mississippi is the most eligible rule, and that which would have been adopted by our Legislature had the subject been brought to their notice. It is provided by statute in the State of Mississippi ‘.‘that all peremptory challenges by the State shall be made before the State presents the juror t.o the prisoner, and not afterwards.”
It seems to us most proper that the State should first exercise the right of challenge for cause, or peremptorily, and present the juror to the accused as a good and lawful juryman ; that the accused should then exercise his rights ; and that the State should not be allowed to challenge after the juror has been accepted by the prisoner.
The indictment does not set forth the place at which the deceased died, and it is moved to arrest the judgment on that ground. The place of the death should have been alleged first, to give jurisdiction to the court; for, although the mortal blow is given in one parish and the death takes place in another, and the accused may be prosecuted in either, yet it must appear that the deceased died in one of the parishes. In the case of McCoy, cited by the attorney general, the place of the death was expressly alleged to have taken place in Adams County, State of Mississippi. The place of the death must also be averred, because the averment of death is a material allegation to constitute the crime of manslaughter; and it is an immemorial and fixed principle of criminal pleading that every material averment in an indictment must be stated with time and place.
Every writer upon pleadings in criminal cases states that the place of the death, in a prosecution for homicide, must be stated. All the forms given in books of practice set forth the place of the death; and all the adjudicated cases, in which a question as to the necessity of stating the place of the death in the indictment has been raised, require it to be stated.
*333 Among the obvious reasons rendering it necessary ,to state the place of the death, it is necessary to enable the accused to defend himself by showing, if possible, that no death occurred at the place indicated, or that another person than the one to whom he gave the blow died there, or that the one to whom he gave the blow died from another cause.
The jugdment of the district court is reversed, the judgment upon the verdict of the jury arrested, and the proceedings had in this case set aside.